

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00567-CR

Adrian Noel **RANGEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B2113
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Lori Massey Brissette, Justice
                 H. Todd McCray, Justice

Delivered and Filed: July 1, 2026

AFFIRMED AS MODIFIED

Appellant, Adrian Noel Rangel, was convicted of twelve counts of smuggling of persons and sentenced to thirty years' imprisonment. *See* TEX. PENAL CODE 20.05(a)(1)(A).[1] On appeal Rangel alleges (1) the trial court erred in admitting recorded statements because they were not properly authenticated under Texas Rule of Evidence 901(a) and they constituted inadmissible

---

[1] The judgments signed by the trial court recites that the jury found appellant guilty of smuggling of persons but incorrectly cites the statute for this offense as Texas Penal Code section 20.05(b) (subsection on punishment).

hearsay not within the co-conspirator exclusion in Texas Rule of Evidence 801(e)(2)(E), and (2) the evidence is legally insufficient to support his conviction. We affirm the trial court's judgment, as modified.

## BACKGROUND

On November 15, 2021, Kerr County Sherriff's Deputy Emilio Ledesma was on patrol near Interstate Highway 10 ("IH-10") when dispatch informed him of a potentially reckless driver with passengers in the bed of his truck. Deputy Ledesma encountered a pickup truck matching the description provided, driving eastbound on IH-10. According to Deputy Ledesma, while driving behind the vehicle, he could not see people in the cab or in the bed of the truck. Deputy Ledesma did not initiate a traffic stop; instead, the admitted dashboard camera footage shows the vehicle exited the highway and pulled into a gas station located off IH-10. Deputy Ledesma parked behind the vehicle and approached the driver, who was later identified as Adrian Noel Rangel. While speaking to Rangel, the passenger-side doors opened, and people began exiting the vehicle. At some point during the encounter, Deputy Ledesma also observed people lying in the bed of the pickup truck "being concealed." Deputy Ledesma told the passengers to remain in the vehicle and instructed Rangel to tell the passengers the same. After Rangel approached the vehicle and spoke to the passengers, a total of eight passengers ran from the scene. Deputy Ledesma testified that he did not hear what Rangel told the passengers. Deputy Ledesma detained Rangel, and the four remaining passengers were detained by assisting officers who arrived shortly thereafter.

Criminal Investigator Greg Longenbaugh from the Kerr County Sherrif's Office testified that when he arrived at the gas station, he was informed that other officers were searching for the eight passengers who absconded. Investigator Longenbaugh later learned there was an individual trying to pick up one of Rangel's passengers at a car dealership directly across IH-10 from the gas

station. Investigator Longenbaugh identified the individual as Kristine Gragg. Investigator Longenbaugh testified that he was present when Gragg was interviewed, and that he heard audio recorded messages on Gragg's phone that mentioned "[Rangel] has been arrested." The recordings, admitted over Rangel's authentication and hearsay objections, instructed Gragg "to go get those guys because [expletive] Adrian was driving [expletive] crazy and he got pulled over so they arrest[ed] more people." The recordings further directed Gragg to drive to IH-10 to "grab them on the highway."

Rangel was arrested and subsequently indicted for twelve counts of smuggling of persons under Texas Penal Code section 20.05(a)(1)(A). He was convicted following a bench trial, and, after finding two habitual-offender enhancements to be true, the court sentenced Rangel to thirty years' imprisonment. Rangel timely appealed.

## DISCUSSION

### I. Hearsay Statement

In his first issue, Rangel contends the trial court erred in admitting the audio recorded messages from Gragg's cell phone because the recordings were not properly authenticated and were inadmissible hearsay.

#### A. Authentication

Under the Texas Rules of Evidence, "to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a). A trial court's determination of whether the proponent has met this threshold requirement is reviewed for abuse of discretion and will be upheld so long as it is within the zone of reasonable disagreement. *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015) (citing *Tienda v. State*, 358 S.W.3d 633,

638 (Tex. Crim. App. 2012). Evidence may be authenticated "by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence." *Tienda*, 358 S.W.3d at 638. Where electronic evidence is proffered, the best or most appropriate method for authenticating such evidence depends on the nature of the evidence and the circumstances of the case. *Id.* at 639.

The State offered, through Investigator Longenbaugh's testimony, four recorded messages Gragg received on her phone from an unnamed caller. Rangel argues that Investigator Longenbaugh could not properly authenticate the recordings because he was not the officer who performed the phone extraction and he was not present at the time the statements were made. Rule 901, however, does not demand these showings. *See* Tex. R. Evid. 901(b)(1). Here, the trial court could have appropriately determined, within its discretion, that Rule 901 was satisfied by Investigator Longenbaugh's testimony that he heard the recordings directly from Gragg's phone during her interview, and that the exhibits were fair and accurate representations of the recordings taken from Gragg's phone. *See* Tex. R. Evid. 901(b)(1); *Angleton v. State*, 971 S.W.2d 65, 68 (Tex. Crim. App. 1998) (en banc) (concluding officer who heard the original audio tape could testify that the enhanced tape was an accurate copy because he was a witness with knowledge); *Wright v. State*, 618 S.W.3d 887, 893 (Tex. App.—Fort Worth 2021, no pet.) (concluding that so long as the data extracted from a cellphone is properly authenticated by lay testimony, no reliability predicate or expert testimony is required); *see also* Tex. R. Evid. 901(b)(9) (explaining evidence about a process or system may be authenticated by "describing a process or system and showing that it produces an accurate result").

Therefore, we conclude the trial court did not abuse its discretion in determining the audio recordings from Kristine Gragg's cellphone were sufficiently authenticated.

### B. Co-Conspirator Statement

Rangel also objected to the admission of the recordings under Texas Rule of Evidence 801(e)(2)(E), arguing the hearsay exception was not satisfied because the State failed to establish the existence of a conspiracy.

Under Texas Rule of Evidence 801(e)(2)(E), a statement is not hearsay if it is offered against a party and is "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." TEX. R. EVID. 801(e)(2)(E). "[T]he State must show that a conspiracy existed, the co-conspirator was a member of or later participated in the conspiracy, and the statement made was the object and purpose of the conspiracy." *Guevara v. State*, 297 S.W.3d 350, 361 (Tex. App.—San Antonio 2009, pet. ref'd) (citing *Guidry v. State*, 9 S.W.3d 133, 148 (Tex. Crim. App. 1991)). "The existence of a disputed conspiracy must be proved by a preponderance of the evidence." *Wilkerson v. State*, 933 S.W.2d 276, 279 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (citations omitted). "Statements made in furtherance of a conspiracy include those made (1) with intent to induce another to deal with co-conspirators or in any other way to cooperate or assist co-conspirators; (2) with intent to induce another to join the conspiracy; (3) in formulating future strategies of concealment to benefit the conspiracy; (4) with intent to induce continued involvement in the conspiracy; or (5) for the purpose of identifying the role of one conspirator to another." *Guevara*, 297 S.W.3d at 363 (citations omitted).

A trial court has discretion to determine the admissibility of statements under the co-conspirator rule, and its evidentiary ruling should not be disturbed unless the trial court abused its discretion. *Guevara*, 297 S.W.3d at 361 (citing *Legate v. State*, 52 S.W.3d 797, 803 (Tex. App.—San Antonio 2001, pet. ref'd)). "A trial court abuses its discretion if its decision falls outside the

zone of reasonable disagreement." *Id*. (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (opinion on reh'g)).

Contrary to Rangel's contention, the evidence demonstrates that a conspiracy existed between Rangel, Gragg, and an unnamed co-conspirator to engage in smuggling of persons. The State introduced Gragg's orders of deferred adjudication, which showed that Gragg was placed on deferred adjudication for five counts of smuggling of persons that occurred on the same date of offense as alleged in Rangel's indictment. While Rangel emphasizes that the orders do not allege a conspiracy between Gragg and Rangel, the State is not required to charge a defendant with conspiracy in order to present hearsay testimony under the co-conspirator exception. *See Meador v. State*, 812 S.W.2d 330, 332 (Tex. Crim. App. 1991) ("When two or more people take part in the commission of a felony, evidence of a conspiracy is admissible even though the substantive crime of conspiracy is not charged."). Deputy Ledesma testified, and video evidence verified, that eight people fled from the gas station where Deputy Ledesma encountered Rangel. Investigator Longenbaugh testified that while law enforcement officers were searching for the eight individuals, Gragg was located at a car dealership "right across I-10, opposite of where [he] first responded" with one of the individuals who absconded from the gas station. *See Legate*, 52 S.W.3d at 802–03 ("Proof of a conspiracy may be inferred from circumstantial evidence." (citing *Roy v. State,* 608 S.W.2d 645, 651 (Tex. Crim. App. 1920))).

Further, according to Investigator Longenbaugh's testimony, the audio messages on Gragg's phone were made "contemporaneously with the crime that was going on." One audio message directed Gragg "to go get those guys because [expletive] Adrian was driving [expletive] crazy and he got pulled over so they arrest[ed] more people." The other audio messages stated that

there were "five left," and instructed Gragg to "grab them on the highway on 10," and to "drive over there."

Therefore, in light of the foregoing, we conclude the State established by a preponderance of the evidence that Rangel, Gragg, and the unnamed co-conspirator whose voice is heard on the recordings conspired to smuggle one or more individuals in violation of section 20.05(a)(1)(A). *See Guevara*, 297 S.W.3d at 367–68 (Hilbig, J., concurring) ("The court may consider the contested statements and the circumstances in which they were made in determining whether sufficient proof of a conspiracy exists." (citing *Wilkerson*, 933 S.W.2d at 280)). Lastly, the proffered statements were made in furtherance of a conspiracy because they demonstrate the unnamed co-conspirator's "intent to induce continued involvement in the conspiracy." *Guevara*, 297 S.W.3d at 363.

Accordingly, for these reasons, we cannot conclude that the trial court abused its discretion in admitting the audio recordings under Texas Rule of Evidence 801(e)(2)(E), and we overrule Rangel's evidentiary issue.

## II.     Sufficiency of the Evidence

In his second issue, Rangel alleges the evidence is insufficient to support the trial court's verdict because there is no evidence that he had an intent to conceal the passengers in his vehicle.

### A.  Standard of Review and Applicable Law

In reviewing the sufficiency of the evidence, in both jury trials and bench trials we review "the evidence in the light most favorable to the verdict in order to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt." *Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015) (citing *Jackson v. Virginia*, 44. U.S. 307, 309 (1979) and *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010)). "Under

our current case law, viewing the evidence in the light most favorable to the verdict means that the reviewing court is required to defer to the [factfinder's] credibility and weight determinations." *Thornton v. State*, 425 S.W.3d 289, 303 (Tex Crim. App. 2014) (internal citations and alterations omitted). "When a defendant waives [his] right to a jury trial, as occurred here, we defer to the judge's role as the factfinder, which includes 'resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts.'" *Gonzalez v. State*, 706 S.W.3d 404, 409 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.) (quoting *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

Under the version of the statute that applies here,[2] a person commits the offense of smuggling of persons if the person knowingly uses a motor vehicle to transport an individual with intent to conceal the individual from a peace officer or special investigator. TEX. PENAL CODE § 20.05(a)(1)(A). Because the statute requires only an intent to conceal and not actual or physical concealment, the question is whether the evidence allows a reasonable factfinder to find an intent to conceal. *See id*., *see also Elsik v. State*, 678 S.W.3d 360, 364 (Tex. App.—San Antonio 2023), (holding section 20.05(a)(1)(A) "only requires an *intent* to conceal" (emphasis in original)), *aff'd*, 714 S.W.3d 27 (Tex. Crim. App. 2024).

### B. Analysis

We hold there is sufficient evidence to support the fact-finder's determination that Rangel intended to conceal his passengers. It is well established that circumstantial evidence is as probative as direct evidence and can alone be sufficient to establish a defendant's guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). While circumstantial evidence of a defendant's specific intent to commit an offense must be reviewed with the same scrutiny as other

---

[2] Section 20.05(a)(1)(A) has since been amended, but we apply the statute in effect at the time the defendant allegedly committed the charged crime. *Ex parte Carner*, 364 S.W.3d 896, 898 (Tex. Crim. App. 2012).

elements of an offense, we need not exclude every reasonable hypothesis of what the accused was thinking. *Thornton*, 425 S.W.3d at 304 (citing *Laster v. State*, 275 S.W.3d 512, 519–20 (Tex. Crim. App. 2009)). So long as the verdict is supported by a reasonable inference, it is within the province of the fact finder to choose which inference is most reasonable. *Id.*

In this case, the inference that Rangel had the specific intent to conceal his passengers from law enforcement is sufficiently supported by the evidence. Deputy Ledesma testified that, while driving behind Rangel, he could not discern whether people in the vehicle were hiding because the rear windshield was dark. He further testified that the passengers in the bed of the truck "were as flat as they could be, so I wouldn't be able to see them," and he did not see the passengers in the bed of the truck until he walked up to Rangel. Deputy Ledesma also testified that when Rangel pulled into the gas station, he called Rangel over to investigate the allegations of reckless driving. According to Deputy Ledesma, when the passengers inside the cab of the truck started to exit the vehicle, "because [Deputy Ledesma did not] speak excellent Spanish" he asked Rangel to instruct them to stay in the vehicle. As clearly depicted on the admitted dashboard camera footage, Rangel approached the vehicle and spoke to the passengers. Rangel then walked back towards Deputy Ledesma, who asked him, "where are you coming from today." However, Rangel did not answer the question; instead, he looked towards the vehicle and immediately thereafter seven passengers ran from the scene. At this point, the passengers in the bed of the truck sat up, and one more passenger fled from the gas station.

While Deputy Ledesma admits that he did not hear what Rangel said to the passengers, the fact finder could reasonably infer that Rangel had the specific intent to conceal his passengers from law enforcement based on the passengers' positioning in the vehicle prior to its stop at the gas station, the passengers' actions to flee immediately after Rangel spoke with them, and the

recordings admitted at trial. As we concluded above, from these recordings, a factfinder could infer, based upon the preponderance of the evidence, the existence of a conspiracy between Rangel and two co-conspirators to engage in smuggling of persons. *See Garcia v. State*, 486 S.W.3d 602, 612 (Tex. App.—San Antonio 2015, pet. ref'd) ("The [factfinder is] entitled to consider the events that took place before, during, and after the commission of the crime."); *Ramirez v. State*, 229 S.W.3d 725, 729 (Tex. App.—San Antonio 2007, no pet.) ("[I]ntent may be inferred from the circumstantial evidence surrounding the incident including the acts, words and conduct of the accused." (internal citations omitted)).

Accordingly, viewing all the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to show that Rangel harbored the specific intent to conceal the passengers in his vehicle from law enforcement and to sustain Rangel's conviction for smuggling of persons. *See* TEX. PENAL CODE 20.05(a)(1)(A).

### CLERICAL ERROR IN WRITTEN JUDGMENT

The trial court's judgments identified the "Statute for Offense" as "Sec. 20.05(b) Penal Code." Rangel, however, was charged and convicted under Texas Penal Code section 20.05(a)(1)(A). We have the authority to modify incorrect judgments when the necessary information is available. TEX. R. APP. P. 43.2(b). *See Minor v. State*, No. 07-23-00397-CR, 2025 WL 211324, at *4 (Tex. App.—Amarillo Jan. 15, 2025, no pet.) (mem. op., not designated for publication). Therefore, we modify the judgment of conviction to state that the "Statute for Offense" is "20.05(a)(1)(A) Penal Code."

### CONCLUSION

Because the trial court did not err in determining the audio recordings were sufficiently authenticated or in admitting the recordings under Texas Rule of Evidence 801(e)(2)(E), and

because we conclude the evidence is legally sufficient to support Rangel's conviction, we affirm the trial court's judgment as modified.

Lori Massey Brissette, Justice

DO NOT PUBLISH